**IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
                    Judge Robert E. Blackburn**

Date:                January 21, 2011

Courtroom Deputy:    Nel Steffens and Laura Galera
Court Reporter:      Suzanne Claar
Probation Officer:   Jan Woll

**Criminal Action No.  09-cr-00283-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Matthew Kirsch |
| Plaintiff, | |
| v. | |
| 1.  JOHN M. SCHERLING, | Gary Lozow |
| Defendant. | |

## SENTENCING MINUTES

**9:08 a.m.**     **Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

*Exhibits Offered and Admitted: Defendant's Exhibit 1, Defendant's Exhibit 2*

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;

2

- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **Defendant's Motion for Further Downward Departure and/or Variance** [#56] filed December 27, 2010, is **DENIED IN PART** and **GRANTED IN PART**, consistent with the court's findings and conclusions, that accordingly, the defendant's Motions for Downward Departure is DENIED and his motion for Downward Variance is GRANTED, consistent with the court's foregoing findings and conclusions and the following orders;

    - the **Government's Section 5K1.1 Motion for Downward Departure Based on Substantial Assistance** [#57] filed January 6, 2011, is **GRANTED**;

    - the **Government's Motion To Dismiss Counts 1 & 3-28 with Prejudice** [#58] filed January 18, 2011, is **GRANTED**;

    - the **Defendant's Unopposed Motion To Travel After Sentencing** [#61] filed January 19, 2011, is **GRANTED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 2 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody

of the Bureau of Prisons to be imprisoned for a term of **four (4) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

        - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

        - that, as directed by his probation officer, the defendant shall apply all monies received from such things as income tax refunds, lottery winnings, inheritances, judgments, and

      unexpected financial gains to restitution and the special victim's fund assessments;

    •  that at defendant's expense, the defendant shall be placed on home detention for a period of **four (4) months**, as directed by his probation **officer**, that he shall be subject to the curfew imposed by this probation officer, that he shall remain within his residence except for those purposes authorized by his probation officer or this court ot now include, but not necessarily be limited to, employment, providing care to his mother, that he shall make all arrangements in his residence now aniticipated to be that of his mother, now located in Spokane, Washington, to facilitate in-home detention for this term;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That the defendant shall pay restitution for the benefit of the identified victims, payable to the care of the Clerk of the Court in full, in the amount of $741,670.00, to be paid jointly and severally with co-defendant Danny Degrande, assuming that defendant Degrande is eventually apprehended, convicted, and sentenced, and to be paid in installments of not less than ten percent pf his monthly gross income as determined periodically by his probation officer; provided that interest on restitution is waived;

11. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; and

12. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons by 12:00 p.m. (noon) in not less than sixty days as required by the court in its anticipated subsequent and discrete order.

The Defendant waives formal advisement of appeal.

**10:30 a.m. Court in recess.**

Total time in court: 01:22
Hearing concluded.